## ANGUS M. GRANT *et al.*

*v.*

## WILLIS D. GREEN *et al.*

1. RESCISSION OF CONTRACTS—*of non-performance.* Where a party contracted to construct and equip a railroad, and received, on the hypothecated bonds of the road, as much money as he had expended in and about the contract, and afterward abandoned it, the court may decree the contract, as to such party, rescinded, and re-vest the original stockholders with their stock and franchises yielded to the defaulting contractor, such party, by non-performance, having lost his rights under the contract, and having received all the money he had expended in pursuance of his obligations under the contract, could not then claim to be placed in *statu quo.*

2. SAME—*as to innocent holders of bonds.* But the default of the contractor to construct and equip the road, although it would justify a rescission of the contract as to him, such rescission could not operate to impair or affect the rights of an innocent holder of the bonds.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. JAMES M. POLLOCK, Judge, presiding.

The facts are fully stated in the opinion of the court.

Mr. E. D. SATTERFIELD, for the plaintiffs in error.

Messrs. TANNER & CASEY, for the defendants in error.

PER CURIAM: It appears from this record that in February, 1855, the legislature chartered a company for the construction of a railway from Mount Vernon, in Jefferson county, to Ashley, in Washington county; that in November, 1855, the company was duly organized, and elected a board of directors who afterwards elected a president, secretary, treasurer and other officers necessary to its complete organization; that in the year 1856, the people of Jefferson county voted that the swamp and overflowed lands belonging to said county, should be used

in constructing this road; that thereupon the county court of said county conveyed said lands to Joel Pace, to be held in trust by him, for the purpose expressed in said vote; that in October, 1858, the president and directors of said railroad company, the county court, and said Pace, as trustee, entered into a contract with Isaac T. Van Duzen, Norman A. Smith and Barnard L. Voorhis, partners in the name and style of Van Duzen, Smith & Co., to build said road; that by said contract, said Van Duzen, Smith & Co. were to construct and equip said road by the first day of March, 1860, and in consideration thereof, the president and directors of the railroad company, the county court, and Pace, as trustee, agreed to give to said firm a large amount of money and lands; that as a part of said transaction, all the stock holders, but one, assigned their stock to Van Duzen, Smith & Co., whereby that firm became the owner of the greater part of the stock of said company, and acquired the control of its franchises and charter; that thereupon said firm elected a new board of directors, in which board they were themselves members; that on the 20th of April, 1859, the railway company, acting through this board, executed to one Isaac Seymour, of the city of New York, as trustee, a deed of trust or mortgage upon said road, to secure the payment of the bonds of said road issued by them to the amount of about eight hundred thousand dollars, which mortgage was duly recorded in the recorder's office of Jefferson county; that said Van Duzen, Smith & Co. entered upon the construction of said road, and expended about sixty thousand dollars thereon, up to the month of July, 1859, when they abandoned said road and the work thereon, and have not, since that date, performed any labor or expended any money under said contract; that they soon after left the State and have never returned; that they are insolvent, and that before they left, they received under their contract with the county and the county trustee more than the sixty thousand dollars expended by them upon the road.

The people of Jefferson county have recently voted an additional $100,000 towards the completion of the road, and the county, through the county court, and Pace, the trustee, as also Green, the stockholder who did not assign his stock, have filed a bill in the Circuit Court of Jefferson county, praying that all these former transactions may be canceled, and the original stock holders reinstated in their stock and the enjoyment of the franchise, with power to elect a new board of directors, and complete the road. The old board of directors, and Seymour, the trustee, were brought in by publication. The Circuit Court decreed as prayed, and a nominal defendant brings the case here.

So far as the decree of the Circuit Court operates to rescind the contract with Van Duzen, Smith & Co., and to re-vest the original stockholders with their stock and franchises, and to authorize them to elect a new board of directors, we see no objection to it. Van Duzen, Smith & Co. have lost their rights under the contract by non-performance, and as they have received more money than they have expended, there is no question in regard to their being placed *in statu quo*.

But we cannot lend our sanction to that portion of the decree which seeks to cancel the rights and interests of Seymour, as trustee of the bondholders, and thereby affect them, or impair their legal or equitable rights, whatever they may be. They have not been brought before the court in person, but are here only as represented by their trustee. There is nothing in the record which can form the basis of a decree against them, or him. The bonds were issued and the mortgage executed by the railway company, through its legally constituted president and directors, while the work was being done upon the road, and nothing is even suggested by this record imputing bad faith, or any other fault, to the owners of these bonds. Who they are, or where they are, we are not informed ; but it is very certain this record discloses no ground for a decree impairing their rights. It is not

claimed that the bonds were not legally issued, or that there is any ground for impeaching them, except that Van Duzen, Smith & Co. have failed to perform their contract to build and equip the road. How this can injuriously affect an innocent bondholder, we are unable to perceive.

We must direct the decree to be reversed and the cause to be remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*